| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRANCE LAMONT MOORE,<br><br>    Petitioner,<br><br>    v.<br><br>PAUL COPENHAVER,<br><br>    Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.: 1:13-cv-01747-JLT<br><br>ORDER TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF JURISDICTION (Doc. 1)<br><br>ORDER DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE FILE |

Petitioner is a federal prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On November 12, 2013, Petitioner filed his written consent to the jurisdiction of the United States Magistrate Judge for all purposes. (Doc. 6).

The instant petition was filed on October 30, 2013, challenging Petitioner's February 4, 1999 conviction in the United States District Court for the Eastern District of North Carolina of four counts of armed bank robbery and four related firearm counts, pursuant to 18 U.S.C. §§ 2113(a),(d), and 924(c). (Doc. 1, p. 2; 29). Petitioner was sentenced to a prison term of 1107 months. (Id., p. 29). Petitioner's direct appeal to the United States Court of Appeals for the Fourth Circuit was denied on August 16, 2000. (Id.).

On August 27, 2001, Petitioner filed a motion to vacate pursuant to 28 U.S.C. § 2255 in the trial court. (Doc. 1, p. 24). Three days later, on August 30, 2001, Petitioner filed an amended/

1

supplemental pleading raising additional grounds for relief from the convictions. (Id.). On November 7, 2001, Petitioner filed yet another document seeking to add additional grounds for setting aside his convictions. (Id., p. 25). On February 7, 2002, the sentencing court granted Petitioner's requests of August 30, 2001 and November 7, 2001 to amend and supplement the original § 2255 motion by adding additional grounds. (Doc. 1, p. 29). The sentencing court then went on to deny the motion on its merits. (Id. at pp. 29-37).

Petitioner now brings this habeas petition, challenging his 1999 judgment of conviction on the grounds that he was denied the right to present all of his claims because the trial court's 2002 order denying his § 2255 motion failed to address some of the claims raised in his August 30, 2001 motion to amend/ supplement. For the reasons set forth below, the Court concludes that Petitioner has failed to establish that he is entitled to the benefits of the "savings clause," and, therefore, the habeas petition must be dismissed.

**DISCUSSION**

A federal court may not entertain an action over which it has no jurisdiction. Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000). A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981). In such cases, only the sentencing court has jurisdiction. Tripati, 843 F.2d at 1163. A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991); United States v.

Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

In the instant petition, Petitioner makes no pretense of doing anything other than attacking his 1999 judgment and sentence. As mentioned, the proper vehicle for challenging such a mistake is normally a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255 filed in the sentencing court and not, as here, a habeas corpus petition filed in the custodial court.

Nevertheless, a federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 *if* he can show that the remedy available under § 2255 is "inadequate or ineffective to test the validity of his detention." Hernandez v. Campbell, 204 F.3d 861, 864-5 (9th Cir.2000); United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (*quoting* § 2255). The Ninth Circuit has recognized this is a very narrow exception. Id; Ivy v. Pontesso, 328 F.3d 1057 (9th Cir. 2003) (a petitioner must show actual innocence *and* that he never had the opportunity to raise it by motion to demonstrate that § 2255 is inadequate or ineffective); Holland v. Pontesso, 234 F.3d 1277 (9th Cir. 2000) (§ 2255 not inadequate or ineffective because Petitioner misses statute of limitations); Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate); Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000) (same); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956); see United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2001) (procedural requirements of § 2255 may not be circumvented by invoking the All Writs Act, 28 U.S.C. § 1651). The burden is on the petitioner to show the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

In Ivy v. Pontesso, 328 F.3d 1057 (9th Cir. 2003), the Ninth Circuit held that the remedy under a § 2255 motion would be "inadequate or ineffective" if a petitioner is actually innocent, but procedurally barred from filing a second or successive motion under § 2255. Ivy, 328 F.3d at 1060-1061. That is, relief pursuant to § 2241 is available when the petitioner's claim satisfies the following two-pronged test: "(1) [the petitioner is] factually innocent of the crime for which he has been convicted and, (2) [the petitioner] has never had an 'unobstructed procedural shot' at presenting this claim." Id. at 1060.

1   "In determining whether a petitioner had an unobstructed procedural shot to pursue his claim,
2   we ask whether petitioner's claim 'did not become available' until after a federal court decision."
3   Harrison v. Ollison, 519 F.3d 952, 960 (9th Cir. 2008), cert. denied __ U.S. __, 129 S.Ct. 254 (2008).
4   "In other words, we consider: (1) whether the legal basis for petitioner's claim 'did not arise until after
5   he had exhausted his direct appeal and first § 2255 motion;' and (2) whether the law changed 'in any
6   way relevant' to petitioner's claim after that first § 2255 motion." Id., citing Ivy, 328 F.3d at 1060-61.

7   In Ivy, the petitioner, who was convicted in 1993 in Missouri district court of engaging in a
8   continuing criminal enterprise, contended in a habeas corpus petition filed pursuant to § 2241 in the
9   District of Arizona, where he was confined, that he was actually innocent because the indictment did
10  not charge him with the requisite three offenses to sustain a conviction for a continuing criminal
11  enterprise. Ivy, 328 F.3d at 1058. After an unsuccessful appeal, Ivy filed motions pursuant to § 2255
12  in 1995, 1997, and 1999. Id. The original motion was denied on its merits, while the second and third
13  motions were denied as second and successive motions. Id. In 2000, Ivy filed his federal habeas
14  petition in the Arizona district court. Id. The district court, however, dismissed the petition because
15  Ivy had not shown that § 2255 was either inadequate or ineffective. Id.

16  In affirming the district court's dismissal, the Ninth Circuit employed the two-part test
17  discussed above, i.e., that petitioner must show he is factually innocent of the crime for which he had
18  been convicted and that he has never had an "unobstructed procedural shot" at presenting his claim.
19  Id. at 1059. In explaining that standard, the Ninth Circuit stated: "In other words, it is not enough that
20  the petitioner is presently barred from raising his claim of innocence by motion under 2255. He *must
21  never have had* the opportunity to raise it by motion." Id. at 1060 (emphasis supplied). Applying that
22  standard, the Ninth Circuit rejected Ivy's claims, holding that the law regarding continuing criminal
23  enterprises had not changed subsequent to his conviction and that he had indeed had an opportunity to
24  raise such a claim in the past. Id. at 1061. The burden is always on the petitioner to show that the
25  remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963). This
26  Petitioner has failed to do. As in Ivy, Petitioner cannot establish any relevant intervening change in
27  the law since his conviction that would trigger the savings clause, nor can he show that he never had
28  the opportunity to raise these issues in the sentencing court. To the contrary, Petitioner readily

acknowledges that he did in fact raise the issues in the sentencing court in connection with his § 2255 petition. Petitioner contends, however, that the sentencing court failed to address the issues raised in his August 30, 2001 supplement/amendment to the August 27, 2001 § 2255 petition. The Court does not agree.

In the order denying the § 2255 petition, the sentencing court directly addressed the claims of ineffective assistance of trial counsel, but concluded all of the "remaining" claims were procedurally barred because they could have been, but were not, raised in the direct appeal. (Doc. 1, pp. 34-36). Although the sentencing court does not itemize the claims it was including in the section entitled "Remaining Claims," it is safe to assume that the trial court intended that the claims raised in the August 30, 2001 supplement/amendment to the petition be among those that were procedurally barred. The Court makes this assumption based on the fact that the sentencing court expressly addressed, and granted, Petitioner's motion to supplement and amend the August 27, 2001 pleading with the claims filed on August 30, 2001. It makes little sense, therefore, to assume the judge failed to address those claims in his order.

Even still, Petitioner argues the sentencing court, unintentionally or inadvertently, omitted addressing the claims raised in his August 30, 2001 amendment/supplement. Even were this true, it would not render § 2255 inadequate or ineffective. Petitioner had an opportunity to present his claims and he did so. That he was not satisfied with the way in which the sentencing court dealt with those issues is not a question this Court need address.

Petitioner also fails the second prong of the test to show that § 2255 was inadequate or ineffective, i.e., actual innocence. "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley v. United States, 523 U.S. 614, 623, 118 S.Ct. 1604 (1998)(*quoting* Schlup v. Delo, 513 U.S. 298, 327-28, 115 S.Ct. 851 (1995)); Stephens v. Herrera, 464 F.3d 895, 898 (9th Cir. 2008). "[A]ctual innocence means factual innocence, not mere legal insufficiency," and "in cases where the Government has forgone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges." Bousley, 523 U.S. at 623-624. However, a petitioner's obligation to demonstrate actual innocence is limited to crimes actually charged or consciously forgone

by the Government in the course of plea bargaining.  See, e.g., id. at 624 (rejecting government's argument that defendant had to demonstrate actual innocence of both "using" and "carrying" a firearm where the indictment only charged using a firearm).

Although the United States Supreme Court has not provided much guidance regarding the nature of an "actual innocence" claim, the standards announced by the various circuit courts contain two basic features: actual innocence and retroactivity.  E.g., Reyes-Requena v. United States, 243 F.3d 893, 903 (5th Cir. 2001); In re Jones, 226 F.3d 328 (4th Cir. 2000); In re Davenport, 147 F.3d 605 (7th Cir. 1998); Triestman v. United States, 124 F.3d 361 (2nd Cir. 1997); In re Hanserd, 123 F.3d 922 (6th Cir. 1997); In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997).

The "core idea" expressed in these cases is that the petitioner may have been imprisoned for conduct that was not prohibited by law.  Reyes-Requena, 243 F.3d at 903.  Such a situation is most likely to occur in a case that relies on a Supreme Court decision interpreting the reach of a federal statute, where that decision is announced after the petitioner has already filed a § 2255 motion.  This is so because a second or successive § 2255 motion is available only when newly discovered evidence is shown or a "new rule of *constitutional* law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  Id. (emphasis supplied).  Because  § 2255 limits a second or successive petition to Supreme Court cases announcing a new rule of constitutional law, it provides no avenue through which a petitioner could rely on an intervening Court decision based on the substantive reach of a federal statute under which he has been convicted.  Id.; see Lorentsen, 223 F.3d at 953 ("Congress has determined that second or successive [§ 2255] motions may not contain statutory claims."); Sustache-Rivera v. United States, 221 F.3d 8, 16 (1st Cir. 2000)("The savings clause has most often been used as a vehicle to present an argument that, under a Supreme Court decision overruling the circuit courts as to the meaning of a statute, a prisoner is not guilty…The savings clause has to be resorted to for [statutory claims] because Congress restricted second or successive petitions to constitutional claims.").  Obviously, "decisions of [the Supreme Court] holding that a substantive federal criminal statute does not reach certain conduct…necessarily carry a significant risk that a defendant stands convicted of 'an act that the law does not make criminal.'"  Bousley, 523 U.S. at 620.  To incarcerate one whose conduct is not criminal "inherently results in a complete miscarriage of

justice." Davis v. United States, 417 U.S. 333, 346, 94 S.Ct. 2298 (1974).

Although Petitioner makes numerous arguments regarding the law pertaining to his convictions and sentence, he makes no assertion whatsoever that he is actually innocent of the crimes for which he was convicted. Accordingly, he fails to demonstrate this prong of the test for utilizing the safety clause.

In sum, Petitioner has failed to establish that § 2255 is either inadequate or ineffective for purposes of invoking the savings clause, and the fact that he may now be procedurally barred by the AEDPA from obtaining relief does not alter that conclusion. Ivy, 328 F.3d 1059-1061 (§ 2255 not inadequate or ineffective because Petitioner misses statute of limitations); Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000) (same); Tripati, 843 F.2d at 1162-63 (9th Cir. 1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956); see United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2001) (procedural requirements of § 2255 may not be circumvented by invoking the All Writs Act, 28 U.S.C. § 1651).

Section 2255 motions must be heard in the sentencing court. 28 U.S.C. § 2255(a); Hernandez, 204 F.3d at 864-865. Because this Court is only the custodial court and construes the petition as a § 2255 motion, this Court lacks jurisdiction over the petition. Hernandez, 204 F.3d at 864-865. Should Petitioner wish to pursue his claims in federal court, he must do so by way of a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[2] Although Petitioner indicates that he unsuccessfully brought a prior motion pursuant to § 2255 in 2001, the denial of a prior § 2255 motion, as mentioned above, does not render it inadequate or ineffective. Aronson, 85 S.Ct. at 5; Lorentsen, 223 F.3d at 953.

Moreover, the Court declines to issue a certificate of appealability. A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and

---

[2] A petition for writ of habeas corpus pursuant to § 2255 *must be filed in the court where petitioner was originally sentenced*. In this case, Petitioner challenges a sentence adjudicated in the United States District Court for the Eastern District of North Carolina. Thus, that court is the proper venue for filing a petition for writ of habeas corpus pursuant to § 2255.

an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-336 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denied a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further'." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (*quoting* Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Thus, the Court DECLINES to issue a certificate of appealability.

**ORDER**

For the following reasons, the Court HEREBY ORDERS as follows:

1. The petition for writ of habeas corpus (Doc. 1), is DISMISSED for lack of habeas jurisdiction;
2. The Clerk of the Court is DIRECTED to enter judgment and close the file; and,
3. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: **November 14, 2013**         /s/ Jennifer L. Thurston
                                    UNITED STATES MAGISTRATE JUDGE